PER CURIAM.
This cause is before us pursuant to Rule 11.09(3), Integration Rule of The Florida Bar, 32 F.S.A., to review the report of the referee dated August 3, 1971. That report is in pertinent part as follows: ■
“After considering all of the pleadings, exhibits and evidence before me, I find that:
“COUNT ONE
“1. The Respondent, on or about February 17, 1970, did receive from EDWARD JOHNSON the sum of Five Thousand Seven Hundred Dollars ($5,-700.00) to be held in trust for him in connection with a pending real estate transaction.
“2. Subsequently, the Respondent was unable to pay over the purchase price to *14 the seller, having mis-appropriated said funds to his own use.
“3. Respondent subsequently was unable to replace all of said funds, necessitating the purchasers having to pay an additional sum of Three Thousand Six Hundred Eighty Two Dollars and Sixty Eight Cents ($3,682.68) to the seller to complete the purchase.
“COUNT TWO
“1. The Respondent collected the sum of Six Hundred Twenty Two Dollars ($622.00) for KEEM KALFON as a result of a Small Claims Court action against Hemispheres Apartments.
“2. Respondent was entitled to a fee of )4, however he retained the entire sum of Six Hundred Twenty Two Dollars ($622.00), and unlawfully converted same to his own use.
“3. Respondent subsequently issued a worthless check to KEEM KALFON, and has never paid same to this date.
“COUNT THREE
“1. The Respondent was retained to represent a minor, MARY ALMA CLARK, and her grandmother-guardian, ALMA HALL, in a negligence action.
“2. Respondent settled that action for the sum of Eight Hundred Dollars ($800.00) and unlawfully converted the entire sum to his own use. He was to have received only a contingent fee in the amount of 1/3 of any recovery.
“3. Respondent subsequently issued a worthless check for the sum of Two Hundred Dollars ($200.00) which was never paid.
“RECOMMENDATION OF GUILT
“It is recommended that the Respondent be found guilty as charged in Counts one, two and three of the Complaint, and particularly that he be found guilty of violations of Rule 11:02 of Article XI of the Integration Rule of the Florida Bar; Cannon 11 of the Cannons of Professional Ethics; and Rules 1, 27, 28, and 30 of additional rules governing the conduct of attorneys in Florida.”
The referee recommended that respondent be disbarred from the practice of law in Florida and pay the costs of the proceedings in the amount of $189.78.
Respondent did not appear at the hearing before the referee and has not requested a hearing before us.
Accordingly, we have reviewed the report of the referee and the record submitted and conclude that the recommendation of the referee that respondent be disbarred and pay the costs of the proceedings be approved, and it is hereby adopted as the judgment of this Court.
Execution is hereby directed to issue for the costs against respondent.
It is so ordered.
ROBERTS, C. J., and ERVIN, BOYD, McCAIN and DEKLE, JJ„ concur.